## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **TERRY BLUMENFELD,** an individual, ) ) ) | |
| Plaintiff, ) | Civil Action No.: |
| ) | |
| v. ) ) | |
| **REGIONS BANK,** a Corporation, ) ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for Plaintiff's Complaint against the Defendant states as follows:

1. This action arises out of Defendant's violations of the Fair Credit Reporting Act[1] (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"]), out of state law violations and out of the invasion of Plaintiff's personal and financial privacy by the Defendant.

2. The Plaintiff had her credit pulled by Defendant Regions Bank ("Regions") without her permission.

3. Defendant Regions gave a copy of Plaintiff's credit report to her mother without Plaintiff's permission.

---

[1] Any reference the FCRA or any part thereof encompasses all relevant parts and subparts thereto.

## JURISDICTION

4. Personal jurisdiction exists over Defendant as it had the necessary minimum contacts with the State of Alabama and this suit arises out of its specific conduct with Plaintiff in Alabama. All the actions described in this suit occurred in Alabama.

5. Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through supplemental jurisdiction (28 U.S.C. Section 1367) as the state law claims form part of the same case or controversy as the federal claim as all claims arise out of the same set of facts.

## VENUE

6. Venue is proper as Plaintiff lives in this judicial district and the Defendant does business in this judicial district.

## PARTIES

7. Plaintiff Terry Blumenfeld (hereinafter "Plaintiff") is a natural person who is a resident of this judicial district.

8. Defendant Regions Bank, ("Defendant" or "Regions") is a domestic bank that as a significant amount of its business, pulls consumer credit reports from consumers.

## **FACTUAL ALLEGATIONS**

### **Plainiff Has No Mortgage Loan With Regions Bank**

9.  Plaintiff does not have any mortgage loan with Defendant Regions Bank.

10. Plaintiff has not had a desire to have a mortgage loan with Regions Bank.

11. On or about May 20, 2016, Plaintiff's mother went to Defendant Regions Bank and an employee of Regions Bank asked Plaintiff's mother to consider refinancing a mortgage loan she had through Regions Bank.

12. Plaintiff lives in a house owned by Plaintiff's mother and the mortgage loan on this house is through Defendant Regions Bank.

13. Regions Bank then suggested to Plaintiff's mother that Plaintiff should get the mortgage loan in Plaintiff's name.

14. Regions Bank directed Plaintiff's mother to call Plaintiff to discuss this matter.

15. At no time did Regions Bank speak with Plaintiff about a mortgage loan.

16. At no time did Regions Bank ask to speak to Plaintiff about a mortgage loan.

17. The only conversation was between Plaintiff and Plaintiff's mother by cell phone.

18. Plaintiff's mother asked Plaintiff if she wanted Defendant Regions Bank to pull Plaintiff's credit report and submit an application for a mortgage loan.

19. Plaintiff told her mother that she was not interested in doing this and did not want her credit report pulled by Regions Bank.

20. Plaintiff never directly or indirectly told Defendant Regions Bank or anyone else that Plaintiff wanted Defendant Regions Bank to pull Plaintiff's credit report.

21. Defendant Regions Bank had no permissible purpose to pull Plaintiff's credit report.

## Regions Illegally Pulls Plaintiff's Credit Reports

22. Despite the fact that Defendant Regions Bank had no authority or permission to pull Plaintiff's very personal and confidential credit report, this did not stop or deter Defendant Regions Bank from pulling Plaintiff's credit report.

23. The illegal pulling of credit reports and trying to open accounts or loans without permission is a rampant problem at Defendant Regions Bank and at other banks, including the infamous recent similar wrongdoing at Wells Fargo Bank.

24. While pulling Plaintiff's credit report without permission would be outrageous enough, Defendant Regions Bank did not stop its wrongful conduct after pulling Plaintiff's credit report.

## Regions Disclosed And Discussed Plaintiff's Credit Reports With Plaintiff's Mother

25. Defendant Regions Bank then carefully reviewed Plaintiff's credit report.

4

26. And it did so in front of Plaintiff's mother.

27. Defendant Regions Bank then discussed the intimate details of Plaintiff's credit report with Plaintiff's mother.

28. This includes, but is not limited to, pointing out various negative items and explaining to Plaintiff's mother that Plaintiff needed to correct these items so that Plaintiff could obtain the Defendant Regions Bank's mortgage loan.

### Motives For Regions' Illegal Conduct

29. There are many reasons that Defendant Regions Bank did this outrageous act, two of which are the pressure which Defendant Regions Bank puts on its employees to close a large number of mortgage loans and the profit Defendant Regions Bank makes on mortgage loans.

30. The Defendant Regions Bank employee told Plaintiff's mother that in the previous approximate four (4) years he had closed over 700 mortgage loans.

31. This is a remarkable pace of almost one (1) closing a business day for the last four (4) years.

32. Defendant Regions Bank holds its loans and typically does not sell them as other banks do. This is because Defendant Regions Bank has found the profit margin on its loans that it keeps to be high.

### Plaintiff Finds Out About Regions' Outrageous Conduct

33. Plaintiff's mother then gave the illegally obtained credit report to Plaintiff.

34. Plaintiff's mother then began to question Plaintiff about perceived problems with Plaintiff's credit report and offered instruction in how to improve Plaintiff's financial condition.

35. This has continued through the present day.

36. Plaintiff was, and continues to be, very upset over this outrageous invasion of Plaintiff's privacy, particularly since it was done by a large bank and Plaintiff's information was revealed to Plaintiff's mother.

37. This situation has negatively impacted the relationship of Plaintiff and Plaintiff's mother.

### Regions Makes Excuses To Try To Smooth Over Its Illegal Conduct

38. Plaintiff had several communications with Defendant Regions Bank about what happened and why it happened.

39. Defendant Regions Bank stated, "Recently, an associate at our Guntersville location inadvertently provided a copy of your credit report to your mother."

40. No explanation is given explaining how it was "inadvertent" when Plaintiff's credit report was intentionally pulled and intentionally given to Plaintiff's mother.

41. Strangely enough, given that Plaintiff's credit report had been illegally obtained by Defendant Regions Bank, the letter stated "…there is no evidence that your personal information has been compromised."

42. The letter also states that "We also recommend that you remain vigilant in reviewing all of your account statements over the next 12 to 24 months."

## Damages to Plaintiff

43. The conduct of the Defendant Regions Bank has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## Additional Factual Allegations

44. It is a practice of the Defendant to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA and state law.

45. Defendant Regions Bank is a sophisticated business and it knows its conduct is wrong.

46. All actions taken by Defendant Regions Bank were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the FCRA and/or state law and/or that it knew or should have known that its actions were in reckless disregard of the FCRA and/or state law.

47. Defendant Regions Bank has engaged in a pattern and practice of wrongful and unlawful behavior with respect to consumer reports and as such Defendant Regions Bank is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by this Defendant and similar companies.

48. Defendant Regions Bank is liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by its employees and agents.

49. Plaintiff has suffered actual damages as a result of these illegal actions by Defendant Regions Bank in the form of past and future economic and monetary loss; past and future anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, mental anguish amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 et seq.

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. Defendant Regions Bank is governed by the FCRA in pulling credit reports.

52. The FCRA forbids any person or company, even Defendant Regions Bank, from pulling a credit report without permission.

53. Defendant Regions Bank had no authority or permission to pull Plaintiff's credit report or to share it with anyone else.

54. All actions taken by the Defendant Regions Bank were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the FCRA and state law and/or that it knew or should have known that its actions were in reckless disregard of the FCRA and state law, thus allowing for actual, statutory, and punitive damages against Defendant Regions Bank.

55. All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

## COUNT II.

## INVASION OF PRIVACY

56. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant Regions Bank violated Alabama state law as described in this Complaint.

57. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

58. Defendant Regions Bank intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by illegally pulling and distributed Plaintiff's confidential and private credit report.

59. Defendant Regions Bank intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct, thereby invading and intruding upon Plaintiff's right to privacy.

60. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

61. The conduct of Defendant Regions Bank, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions

10

and invasions of privacy by Defendant Regions Bank which occurred in a way that would be highly offensive to a reasonable person in that position.

62. All of the wrongful acts described in this Complaint demonstrate the wrongful scheme, plan, and design of Defendant Regions Bank, which has led to the Plaintiff's privacy being invaded.

63. The conduct of the Defendant Regions Bank has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

64. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant Regions Bank.

65. All acts of Defendant Regions Bank were committed with malice, intent, wantonness, and/or recklessness and as such Defendant Regions Bank is subject to punitive damages.

## COUNT III.

### NEGLIGENT HIRING, TRAINING AND SUPERVISION OF INCOMPETENT EMPLOYEES AND/OR AGENTS

66. Defendant Regions Bank's employees and agents are allowed and encouraged to break the law in order to make loans.

67. This includes all of the violations of the law described in this Complaint and the paragraphs in this Count.

68. Defendant Regions Bank is aware of the wrongful conduct of its employees and agents.

69. Defendant Regions Bank negligently hired, trained, retained or supervised incompetent employees and agents, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant Regions Bank is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

70. Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of employees and agents but it is reasonable to infer this as there is no other explanation for how a large bank, with countless compliance employees and lawyers, could possibly allow the wrongful conduct alleged unless this was part of a plan to be negligent in allowing incompetent employees and agents to run wild and damage Plaintiff while Defendant Regions Bank sat back to reap the rewards of the wrongful conduct it had sowed. The details of this will come out in discovery.

71. The conduct of the Defendant Regions Bank has proximately caused Plaintiff past and future monetary loss, past and future mental distress and

emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT IV.

## WANTON HIRING, TRAINING AND SUPERVISION OF INCOMPETENT EMPLOYEES AND/OR AGENTS

72. Defendant Regions Bank's employees and agents are allowed and encouraged to break the law in order to collect debts.

73. This includes all of the violations of the law described in this Complaint and the paragraphs in this Count.

74. Defendant Regions Bank is aware of the wrongful conduct of its employees and agents.

75. Defendant Regions Bank wantonly hired, trained, retained, or supervised incompetent employees and agents, who were allowed or encouraged to violate the law as was done to Plaintiff and Defendant Regions Bank is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

76. Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of employees and agents but it is reasonable to infer this as there is no other explanation for how a large bank, with countless compliance employees and lawyers, could possibly allow the wrongful conduct alleged, unless this was part of a well orchestrated design and plan of

wantonly allowing incompetent employees and agents to run wild and damage Plaintiff while Defendant Regions Bank sat back to reap the rewards of the wrongful conduct it had sowed. The details of this will come out in discovery.

77. The conduct of the Defendant Regions Bank has proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT V.

## INTENTIONAL HIRING, TRAINING, AND SUPERVISION OF INCOMPETENT EMPLOYEES AND/OR AGENTS

78. Defendant's employees and agents are allowed and encouraged to break the law in order to collect debts.

79. This includes all of the violations of the law described in this Complaint and the paragraphs in this Count.

80. Defendant Regions Bank is aware of the wrongful conduct of its employees and agents.

81. Defendant Regions Bank intentionally hired, trained, retained, or supervised incompetent employees and agents, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant Regions Bank is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

82. Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of employees and agents but it is reasonable to infer this as there is no other explanation for how a large bank, with countless compliance employees and lawyers, could possibly allow the wrongful conduct alleged, unless this was part of an intentional well orchestrated design and plan of allowing incompetent employees and agents to run wild and damage Plaintiff while Defendant Regions Bank sat back to reap the rewards of the wrongful conduct it had sowed. The details of this will come out in discovery.

83. The conduct of the Defendant Regions Bank has proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VI.

## WANTON, RECKLESS, INTENTIONAL AND MALICIOUS CONDUCT

84. Defendant Regions Bank had a duty, and assumed a duty, to treat Plaintiff fairly and with reasonable care.

85. Defendant Regions Bank had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiff.

86. Defendant Regions Bank acted with malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint and the paragraphs in this Count.

87. Defendant Regions Bank violated all of the duties Defendant Regions Bank had and such violations were made intentionally, willfully, recklessly, maliciously, and wantonly.

88. It was foreseeable, and Defendant Regions Bank did in fact foresee it, the each and every action of Defendant Regions Bank would lead and did lead to the exact type of harm suffered by Plaintiff.

89. To pull Plaintiff's private, personal, and confidential credit report and distribute it to someone outside the bank can only be described as malicious conduct or at least as reckless conduct.

90. The conduct of the Defendant Regions Bank has proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against Defendant Regions Bank for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiff

claims more than $750,000.00), costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ John G. Watts

**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
***Attorneys for Plaintiff***

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

_____
**Attorney for Plaintiff**

**Serve defendant via certified mail at the following addresses:**

Regions Bank
c/o CSC Lawyers Incorporating SVC, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

17