FILED

2018 Oct-29  AM 10:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **TERRY BLUMENFELD,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **4:16-cv-01652-ACA** |
| | ] | |
| **REGIONS BANK,** | ] | |
| | ] | |
| **Defendant.** | ] | |

## ORDER

This matter comes before the court on Defendant Regions Bank's motion to certify an interlocutory appeal and to stay the case pending appeal. (Doc. 49). The court **GRANTS IN PART** and **DENIES IN PART** the motion. The court **GRANTS** the motion for certification and **CERTIFIES** for interlocutory appeal its order granting in part and denying in part Regions Bank's motion for summary judgment (doc. 44), so that the Eleventh Circuit can answer the following question: "Whether 15 U.S.C. § 1681b(f) incorporates the 'reason to believe' standard set out in § 1681b(a)(3) in determining whether a 'person' may use or obtain a consumer report?"

The court **GRANTS IN PART** and **DENIES IN PART** the motion to stay the case. The court **GRANTS** the motion to stay the trial, but the court will not stay the case entirely.

On September 5, 2018, the court granted in part and denied in part Regions Bank's motion for summary judgment against Plaintiff Terry Blumenfeld.  (Doc. 44).  At that point, the claims remaining in this case were: (1) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* ("Count One"); (2) invasion of privacy ("Count Two"); (3) wanton hiring, training, and supervising of incompetent employees and/or agents ("Count Four"); and (5) wanton and reckless conduct ("Count Six").  The court granted summary judgment to Regions Bank on Counts Two and Four, but denied the motion as to Counts One and Six. (Doc. 44 at 2–3).

Regions Bank has moved to certify an interlocutory appeal under 28 U.S.C. § 1292(b).  (Doc. 49).  That section provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order:  Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).  The Eleventh Circuit has explained that it will exercise its discretion to entertain an interlocutory appeal under § 1292(b)

only when (1) the appeal presents a pure question of law, (2) the question is controlling of at least a substantial part of the case, (3) the district court identifies the question in its order, (4) there are substantial grounds for differences of opinion on the question, and (5) resolution of the question may reduce the amount of litigation necessary on remand.

*Drummond Co., Inc. v. Conrad & Scherer, LLP*, 885 F.3d 1324, 1336 (11th Cir. 2018).

The court finds that certification is appropriate to answer whether 15 U.S.C. § 1681b(f) incorporates the "reason to believe" standard set out in § 1681b(a)(3) in determining whether a "person" may use or obtain a consumer report.  First, the question is one of pure law, which will not require the Eleventh Circuit to delve into the facts of this case.  Second, the question is controlling of a substantial part of the case because it will aid the court and the parties in crafting jury instructions on one of the two claims that will proceed to trial.  Third, there are substantial grounds for a difference of opinion, illustrated by the fact that various other district courts have reached different results in addressing the question.  (*See* Doc. 44 at 10–11).  And finally, resolution of the question may reduce the amount of litigation on remand because it could save the court and the parties from needlessly expending resources on multiple trials if the Eleventh Circuit determines that this court's interpretation of § 1681b(f) was erroneous.  Accordingly, the court **GRANTS** Regions Bank's motion to certify for interlocutory appeal the order

granting in part and denying in part Regions Bank's motion for summary judgment.

Regions Bank also seeks to stay this case pending appeal. Section 1292(b) provides that "an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." The court **GRANTS** the request to stay the trial, but the court will not stay the case entirely.

**DONE** and **ORDERED** this October 29, 2018.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE